IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN DOOM and SARAH DOOM,

        Plaintiffs,

vs.                                  Case No. 06-1278-JTM

COX COMMUNICATIONS, KANSAS, L.L.C.,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the motion to remand of the plaintiffs Brian and Sarah Doom. The Dooms have brought the present action against Cox Communications, Kansas, alleging that the internet communications company, in response to a request from law enforcement officers regarding a third party account, mistakenly gave information regarding their Dooms' internet services account, and that as a result the Dooms were temporarily held in custody and their property was seized. The Dooms originally filed their action in Kansas state court. On September 19, 2006, Cox removed the case here.

The Dooms argue in their motion that the removal was untimely under 28 U.S.C.A. § 1446, which provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

According to the Dooms, the thirty-day window for removal began on April 11, when they responded to a motion for summary judgment by Cox, and stated that the action should be understood to constitute a claim within the meaning of Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2707.  Cox argues that the case was not removable until September 26, when the state court effectively allowed the Dooms to amend their complaint and explicitly assert federal claims.

The federal courts impose a strong presumption against federal jurisdiction; the removal statute is construed strictly so that the party seeking removal has the burden to show the existence of federal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Applying this standard here, the court finds that the motion to remand should be denied, since the case was simply not removable in April of 2006.

A review of the procedural history indicates that the initial state court petition filed by the Dooms did not indicate the presence of a federal question.  The Dooms explicitly acknowledge in their motion to remand that the petition itself would not give such notice.

On March 22, 2006, Cox moved for summary judgment asserting the defense of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2707. On April 11, 2006, the Dooms responded arguing that their Petition was broad enough to give Cox notice of a federal claim under the ECPA.   In that response, the Dooms argued that their petition claims "adequately notify the defendant of claims pursuant to the Federal statutes."  On April 19, Cox replied, noting that the Dooms were arguing that the ECPA "civil action" included state law claims against Cox, and observing that "the Dooms argue that defendant is liable for damages in this civil action under 18 U.S.C. Sec. 2707...."

During this time, the Dooms had filed a motion to amend their petition to explicitly set forth federal law claims. On May 8, 2006, the state court conducted a hearing and denied the motion for summary judgment, but did not rule on plaintiff's motion to amend.

On August 29, the Dooms submitted their pretrial questionnaire, which asserted federal claims. On September 6, 2006, the state court entered an agreed pretrial conference order, which provided:

> The actions of the defendant constitute a "knowing or intentional" disclosure of the plaintiffs' information and were in violation of 18 U.S.C. 2707, et seq. which entitles plaintiffs to a cause of action and subject defendant to liability for damages in a civil action pursuant to 18 U.S.C. 2707(a).
>
> The actions of the defendant further constitute wrongful use of information entitling plaintiffs to exercise the right to seek damages under [the Cable Act] 47 U.S.C. 551.

(Def. Exh. G., at 2-3).

The Dooms' argument focuses almost exclusively on whether a summary judgment response brief can be considered "other paper" within the meaning of U.S.C.A. § 1446. The term is generally interpreted broadly. *See* 14A Wright, Miller, and Cooper, Federal Practice and Procedure, §3732 at 520. The argument ignores the remainder of the statute which provides that the 30 day period commences from the receipt of the pleading or other paper "from which it may first be ascertained that the case is one which **is or has** become removable." § 1446(b) (Emphasis added).

The statute does not provide that a party must remove a case upon the receipt of information indicating that the case is one which might in the future become removable. It provides that the time for removal commences only after the case is presently actually removable.

In April of 2006, the Dooms had filed a petition in state court which did not advance any federal claims. They had argued in state court that their state law claims were not barred under the

ECPA. Howver, they had also filed a motion to amend, seeking leave to amend the petition to explicitly advance federal claims, a motion which was not ruled on then or for many months.

Had Cox attempted to remove the case at that time, the court — applying the presumption against federal jurisdiction — would have been compelled to remand the case, since federal jurisdiction was not clearly established. This could have been the only result since the court would have had to recognize the possibility that the Dooms could have withdrawn their motion to amend, or the motion could have been denied. This is because the federal courts have held that a mere intent to assert federal claims at some future date is insufficient to trigger removal jurisdiction, as is a motion to amend by itself, if leave of the state court is also required under state law. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).

The court finds that the plaintiffs' federal claims were effectively advanced only when the agreed pretrial conference order was entered on September 6, 2006. Only at that date was federal question jurisdiction present; only at that date did the time for removal commence. Nor can Cox be considered to have waived its right to removal by not removing the action earlier, since it could not waive a right it did not possess until after September 6.

IT IS ACCORDINGLY ORDERED this 16th day of November, 2006, that the motion to remand of the plaintiffs (Dkt. No. 2) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE